FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2015 OCT -5  PM 3: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

ROBIN HOOD,
an individual,

Case No.:

3:15-cv-1191-J-25PDB

Plaintiff,

v.

U.S. BANCORP, d/b/a U.S. BANK
HOME MORTGAGE,
a foreign for-profit corporation,

Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, ROBIN HOOD (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, U.S. BANCORP, d/b/a U.S. BANK HOME MORTGAGE (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

1

2.    Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

3.    At all material times herein, the conduct of Defendant, complained of below, occurred in Duval County, Florida.

4.    At all material times herein, Plaintiff is an individual residing in Duval County, Florida.

5.    At all material times herein, Defendant, U.S. BANCORP, d/b/a U.S. BANK HOME MORTGAGE is a foreign for-profit corporation engaged in business in Florida with its principal place of business located at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

## GENERAL ALLEGATIONS

6.    At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7.    At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8.    At all material times herein, Defendant attempted to collect a debt, specifically a consumer mortgage loan referenced by Defendant's account number ending in -2497 (hereinafter, "Debt").

9.    At all material times herein, the Debt was a consumer debt, incurred primarily for personal, household, or family use.

10.    At all material times herein, the Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

2

11.　　At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12.　　At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.　　All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14.　　Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 601.862.9489 (hereinafter, "Cellular Phone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.　　Plaintiff is the owner, regular user, and possessor of a Cellular Phone with the assigned number 601.862.9489.

16.　　On or about July 3, 2014, Plaintiff sent Defendant a facsimile transmission at 877.903.6972 advising Defendant that he was moving to Jacksonville, Florida and would now be located in the Eastern time zone.

17.　　On or about July 8, 2014, Defendant mailed Plaintiff a letter acknowledging his change of address. Please see attached a true and correct copy of said letter labeled as Exhibit "A."

18.　　On or about July 31, 2014, at approximately 9:09 p.m. ET, Defendant called Plaintiff's Cellular Phone in an attempt to collect the Debt. The call was placed using an ATDS or PTDS from telephone number 800.365.7900.

3

19.     On or about August 1, 2014, Plaintiff sent Defendant a facsimile transmission at 877.903.6972 advising Defendant he forever revoked any prior express consent, to the extent any such consent existed, for Defendant to call Plaintiff's Cellular Phone (hereinafter, "Fax Revoking Consent"). Please see attached a true and correct copy of the Fax Revoking Consent and fax confirmation sheet labeled as Exhibit "B1-B2."

20.     On or about August 1, 2014, Plaintiff called Defendant at telephone number 800.365.7900 and further revoked any prior express consent, to the extent it existed, for Defendant to call Plaintiff's Cellular Phone using an ATDS, a PTDS, or an APV. Additionally, Plaintiff again advised Defendant that he had moved to Jacksonville, FL, and was now located in the Eastern time zone.

21.     At no material time herein did Defendants have Plaintiff's prior express consent to call Plaintiff's Cellular Phone using an ATDS, a PTDS, or an APV.

22.     Further, if Defendant contends it had such consent, such consent was revoked the moment Plaintiff sent Defendant the Fax Revoking Consent and again when Plaintiff verbally revoked consent for Defendant to call his Cellular Phone.

23.     Additionally, if Defendant contends the below-referenced phone calls were made for "informational purposes only," it still nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Phone using an ATDS, a PTDS, or an APV.

24.     Each of the below-referenced calls was made without Plaintiff's prior express consent.

25.     On or about August 7, 2014, at approximately 10:16 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

26.    Further, on the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "Tonya" and advised her that he previously revoked consent for Defendant to call him using an ATDS. "Tonya" falsely asserted to Plaintiff that he could not revoke consent to be called with an ATDS, and that the autodialer would continue to call his Cellular Phone because his account was past due.

27.    On or about August 9, 2014, at approximately 11:36 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

28.    On or about August 9, 2014, at approximately 11:46 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

29.    On or about August 11, 2014, at approximately 9:43 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

30.    On or about August 11, 2014, at approximately 5:04 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

31.    On or about August 12, 2014, at approximately 9:40 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

32.    During the immediately-aforementioned call, Plaintiff spoke with one of Defendant's employees or representatives and *again* revoked consent for Defendant to call his Cellular Phone using an ATDS, a PTDS, or an APV.

33.    On or about August 12, 2014, at approximately 5:37 p.m. ET, Defendant called

Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

34.    On or about August 12, 2014, at approximately 9:12 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

35.    Defendant placed the immediately-aforementioned call to Plaintiff's Cellular Phone after 9:00 p.m. ET despite knowing that Plaintiff relocated to the Eastern time zone.

36.    On or about August 14, 2014, at approximately 9:54 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

37.    On or about August 14, 2014, at approximately 10:05 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

38.    On or about August 14, 2014, at approximately 6:10 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

39.    On or about August 15, 2014, at approximately 9:53 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

40.    On or about August 15, 2014, at approximately 5:10 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

41.    On or about August 16, 2014, at approximately 12:37 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an

APV in an attempt to collect the Debt.

42.     On or about August 18, 2014, at approximately 9:07 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

43.     On or about August 18, 2014, at approximately 7:28 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

44.     On or about August 19, 2014, at approximately 9:24 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

45.     On or about August 19, 2014, at approximately 4:44 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

46.     On or about August 20, 2014, at approximately 9:23 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

47.     On or about August 20, 2014, at approximately 9:33 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

48.     On or about August 20, 2014, at approximately 6:47 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

49.     On or about August 22, 2014, at approximately 9:30 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an

APV in an attempt to collect the Debt.

50.     On or about August 23, 2014, at approximately 11:56 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

51.     On or about August 23, 2014, at approximately 12:07 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

52.     On or about August 25, 2014, at approximately 9:53 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

53.     On or about August 25, 2014, at approximately 6:23 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

54.     On or about August 26, 2014, at approximately 3:48 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

55.     On or about August 26, 2014, at approximately 3:59 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

56.     On or about August 26, 2014, at approximately 6:05 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

57.     On or about August 26, 2014, at approximately 6:08 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an

APV in an attempt to collect the Debt.

58.     On or about August 27, 2014, at approximately 9:29 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

59.     On or about August 27, 2014, at approximately 4:49 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

60.     On or about August 27, 2014, at approximately 6:21 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

61.     On or about August 29, 2014, at approximately 9:34 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

62.     On or about August 29, 2014, at approximately 8:48 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

63.     On or about August 30, 2014, at approximately 2:03 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

64.     On or about September 2, 2014, at approximately 1:14 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

65.     On or about September 2, 2014, at approximately 6:29 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an

APV in an attempt to collect the Debt.

66.     On or about September 3, 2014, at approximately 12:08 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

67.     On or about September 3, 2014, at approximately 9:09 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

68.     Defendant placed the immediately-aforementioned call to Plaintiff's Cellular Phone after 9:00 p.m. ET despite knowing that Plaintiff relocated to the Eastern time zone.

69.     On or about September 4, 2014, at approximately 11:23 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

70.     On or about September 4, 2014, at approximately 8:20 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

71.     On or about September 4, 2014, at approximately 8:31 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

72.     On or about September 5, 2014, at approximately 11:43 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

73.     On or about September 5, 2014, at approximately 11:53 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

Case 3:15-cv-01191-HLA-PDB   Document 1   Filed 10/05/15   Page 11 of 24 PageID 11

74. On or about September 5, 2014, at approximately 7:13 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

75. On or about September 6, 2014, at approximately 1:27 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

76. On or about September 8, 2014, at approximately 11:44 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

77. On or about September 8, 2014, at approximately 8:09 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

78. On or about September 9, 2014, at approximately 10:23 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

79. On or about September 9, 2014, at approximately 7:45 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

80. On or about September 10, 2014, at approximately 9:56 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

81. On or about September 10, 2014, at approximately 6:24 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

82.     On or about September 11, 2014, at approximately 9:54 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

83.     On or about September 11, 2014, at approximately 7:25 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

84.     On or about September 12, 2014, at approximately 10:00 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

85.     On or about September 12, 2014, at approximately 7:00 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

86.     On or about September 12, 2014, at approximately 7:02 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

87.     On or about September 13, 2014, at approximately 12:02 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

88.     On or about September 15, 2014, at approximately 10:40 a.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

89.     On or about September 15, 2014, at approximately 6:18 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

90.     On or about September 16, 2014, at approximately 3:32 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.337.1193 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

91.     On or about September 19, 2014, at approximately 5:22 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

92.     On or about September 23, 2014, at approximately 6:44 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 855.698.7627 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

93.     On or about October 10, 2014, at approximately 4:29 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.337.1193 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

94.     During the immediately-aforementioned call, Defendant left Plaintiff a voicemail instructing Plaintiff to call Defendant back at 800.365.7900.

95.     On or about October 14, 2014, at approximately 7:35 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

96.     On or about October 22, 2014, at approximately 6:21 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

97.     During the immediately-aforementioned call, Plaintiff spoke with Defendant's employee or representative "James" and *again* revoked any prior express consent for Defendant to call Plaintiff's Cellular Phone using an ATDS, a PTDS, or an APV. "James" advised Plaintiff that he would notate Plaintiff's account to reflect the revocation of consent.

13

98.    On or about November 3, 2014, at approximately 5:27 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

99.    On or about November 5, 2014, at approximately 2:37 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

100.    On or about November 6, 2014, at approximately 7:00 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

101.    On or about November 7, 2014, at approximately 5:22 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7900 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

102.    On or about November 13, 2014, at approximately 5:26 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

103.    On or about November 18, 2014, at approximately 5:44 p.m. ET, Defendant called Plaintiff's Cellular Phone from telephone number 800.365.7772 using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

104.    On or about May 7, 2015, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with respect to the Debt.

105.    On or about May 8, 2015, Undersigned Counsel sent Defendant a facsimile transmission advising Defendant of Undersigned Counsel's representation of Plaintiff with respect to the Debt, advising Defendant of Undersigned Counsel's contact information, and advising Defendant that all communication with respect to the Debt must cease with Plaintiff directly and

should instead be directed to Undersigned Counsel's office (hereinafter, "Fax of Representation"). Please see attached a true and correct copy of the Fax of Representation and fax confirmation sheet labeled as Exhibit "C1-C2."

106.    On or about May 11, 2015, Defendant sent a letter to Undersigned Counsel replying to the Fax of Representation requesting that Undersigned Counsel have Plaintiff execute a Power of Attorney for Undersigned Counsel and include the account number of the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "D."

107.    On or about May 20, 2015, Defendant sent another letter to Undersigned Counsel reiterating its request for Undersigned Counsel to identify the specific account number of the Debt and advising Undersigned Counsel to direct any reply to fax number 503.401.5640. Please see attached a true and correct copy of said letter labeled as Exhibit "E."

108.    On or about May 29, 2015, Undersigned Counsel sent Defendant a facsimile transmission with the immediately-aforementioned letter and a notarized Limited Power of Attorney to fax number 503.401.5640, (hereinafter, "LPOA Fax"). Please see attached a true and correct copy of the LPOA Fax and fax confirmation sheet labeled as Exhibit "F1-F3."

109.    On or about June 1, 2015, despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information, Defendant again sent Plaintiff directly a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "G."

110.    On or about June 29, 2015, despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information, Defendant sent Plaintiff directly a billing statement in an attempt to collect the Debt. Please see attached a true and correct copy of

15

said billing statement labeled as Exhibit "H1-H2."

111.    On or about July 7, 2015, despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information, Defendant sent Plaintiff directly a letter advising Plaintiff that his approval to vacate the property subject to the Debt had expired and that failure to provide documentation proving that Plaintiff had "taken the necessary steps to ... sell the property" would constitute a default on the Debt. Please see attached a true and correct copy of said letter labeled as Exhibit "I."

112.    Defendant sent the immediately-aforementioned letter in an attempt to collect the Debt directly from Plaintiff.

113.    On or about July 13, 2015, Undersigned Counsel sent Defendant a facsimile transmission *again* advising Defendant of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt, *again* advising Defendant of Undersigned Counsel's contact information, advising Defendant that Plaintiff had already advised Defendant that "necessary steps" had already been taken to sell the property and attached the documentation Plaintiff already sent Defendant. Please see attached a true and correct copy of said facsimile transmission, fax confirmation sheet, and attachments labeled as Exhibit "J1-J16."

114.    On or about July 15, 2015, Defendant sent Plaintiff a letter at Undersigned Counsel's office, demonstrating actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information. Please see attached a true and correct copy of said letter labeled as Exhibit "K1-K2."

115.    On or about July 20, 2015, Defendant sent Undersigned Counsel a letter advising Undersigned Counsel that Plaintiff's account had been referred to Defendant's Consumer Advocacy Department and assigned a case number ending in -0788. Please see attached a true and

16

correct copy of said letter labeled as Exhibit "L."

116.    The immediately-aforementioned letter *again* demonstrated actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information.

117.    On or about July 22, 2015, Defendant sent Undersigned Counsel a letter advising Undersigned Counsel that Defendant received Undersigned Counsel's request for Defendant to cease communication with Plaintiff directly but would not "honor this request until we receive authorization from Mr. Hood" despite having received both the LPOA Fax at the fax number Defendant provided and repeated notices of Undersigned Counsel's representation of Plaintiff. Please see attached a true and correct copy of said letter labeled as Exhibit "M."

118.    On or about July 27, 2015, despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information, Defendant sent Plaintiff directly a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "N."

119.    Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

120.    As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's revocation of consent was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

121.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff,

should Plaintiff prevail in this matter against Defendant.

122.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Phone in violation of the TCPA or the regulations proscribed thereunder.

123.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

124.    As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through one hundred twenty-four (124) as if fully restated herein and further states as follows:

125.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

126.    Specifically, Plaintiff revoked consent for Defendant to contact him on his Cellular Phone both orally, on August 1, 2014, and in writing, via the Fax Revoking Consent. *See* Exhibit B1-B2.

127.   Despite the immediately-aforementioned revocation, Defendant subsequently placed *at least* seventy-three (73) calls to Plaintiff's Cellular Phone using an ATDS, PTDS, or APV in attempts to collect the Debt.

128.   Additionally, Defendant placed *at least* three (3) calls to Plaintiff's Cellular Phone after 9 p.m. in Plaintiff's time zone without Plaintiff's consent and despite possessing actual knowledge of Plaintiff's relocation to Jacksonville. *See* Exhibit A.

129.   Furthermore, Defendant sent Plaintiff *at least* three (3) billing statements directly despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information.

130.   Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

131.   As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(17)

Plaintiff re-alleges paragraphs one (1) through one hundred twenty-four (124) as if fully restated herein and further states as follows:

132.   Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(17) by communicating with Plaintiff between the hours of 9 p.m. and 8 a.m. in Plaintiff's time zone without prior consent.

133.    Specifically, Defendant placed *at least* three (3) calls to Plaintiff's Cellular Phone after 9 p.m. in Plaintiff's time zone without Plaintiff's consent and despite possessing actual knowledge of Plaintiff's relocation to Jacksonville. *See* Exhibit A.

134.    As such, Defendant's conduct constitutes a violation of Florida Statutes, Section 559.72(17).

135.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred twenty-four (124) as if fully restated herein and further states as follows:

136.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiff after receiving actual notice that Plaintiff was represented by counsel with respect to the underlying Debt.

137.    Specifically, Defendant sent Plaintiff directly *at least* three (3) billing statements despite possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and possessing actual knowledge of Undersigned Counsel's contact information.

138.    As such, Defendant's conduct constitutes a violation of Florida Statutes, Section 559.72(18).

139.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

20

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through one hundred twenty-four (124) as if fully restated herein and further states as follows:

140.    Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

141.    Specifically, Plaintiff revoked consent for Defendant to contact him on his Cellular Phone both orally, on August 1, 2014, and in writing, via the Fax Revoking Consent. *See* Exhibit B1-B2.

142.    Despite Plaintiff's revocation of consent, Defendant subsequently placed *at least* seventy-three (73) calls to Plaintiff's Cellular Phone using an ATDS or a PTDS in attempts to collect the Debt.

143.    The phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

144.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

a.    The periodic loss of his Cellular Phone service;

b.    Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract.

c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.     Statutory damages.

### PRAYER FOR RELIEF

**WHEREFORE,** as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

      a.     Judgment against Defendant declaring that Defendant violated the FCCPA and TCPA;

      b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      c.     Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

      d.     Judgment against Defendant for punitive damages pursuant to the FCCPA in an amount to be determined at trial;

      e.     Judgment against Defendant for injunctive relief for Defendant's continued violations of the FCCPA and TCPA;

      f.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

      g.     Judgment against Defendant for treble statutory damages in the amount of $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

      h.     Judgment for an award of reasonable attorneys' fees and costs; and

      i.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence —paper, electronic documents, or data— pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*

☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA       )

                                 )

COUNTY OF DUVAL       )

Plaintiff Robin Hood, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Robin Hood

Subscribed and sworn to before me this 05 day of Sept , 2015.

Notary Public

My Commission Expires:           Proof of I.D.: _____



24

BOBBI RL AUSTIN
MY COMMISSION # FF913732
EXPIRES September 23, 2019
FloridaNotaryService.com